NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MICK CHI CAWSTON,<br><br>Defendant-Appellant. | No. 16-30259<br><br>D.C. No. 2:16-cr-00050-WFN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Mick Chi Cawston appeals from the district court's judgment and challenges the 18-month sentence imposed following his guilty-plea conviction for assault resulting in substantial bodily injury, in violation of 18 U.S.C. §§ 113(a)(7) and 1153.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

For the first time on appeal, Cawston argues that the district court procedurally erred by failing to sufficiently explain the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Cawston's sentencing arguments and adequately explained its reasons for selecting an 18-month term, including the need to protect the public and to afford deterrence. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Cawston also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The district court varied downward from the correctly calculated guideline range in order to account for the mitigating circumstances in Cawston's case. This decision reflects that, contrary to Cawston's argument, the court did not place undue weight on the guidelines range in selecting the sentence. Moreover, the sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the seriousness of the offense and Cawston's multiple pretrial release violations. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

16-30259